```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/03/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
 :
AKASH BUDHANI, *individually and on behalf of all*  :
*others similarly situated*, :
 :
                            Plaintiff, :    20-cv-1409 (LJL)
 :
        -v- :    MEMORANDUM AND
 :          ORDER
MONSTER ENERGY COMPANY, :
 :
                           Defendant. :
-------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendant Monster Energy Company ("Monster" or "Defendant") moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the complaint against it for failing to state a claim for relief. Dkt. No. 52. For the following reasons, Defendant's motion to dismiss is granted.

## PROCEDURAL HISTORY

      Familiarity with the Court's previous Opinion and Order is assumed. *See Budhani v. Monster Energy Co.*, 527 F. Supp. 3d 667 (S.D.N.Y. 2021).

      Plaintiff Akash Budhani ("Plaintiff"), on behalf of himself and others similarly situated, brought claims against Monster for its alleged misrepresentation of the vanilla content in the Espresso Monster Vanilla Cream Triple Shot drink ("Product"). Dkt. No. 30 ("Second Amended Complaint"). Specifically, Plaintiff alleged that the Product claimed to—but did not—contain natural vanilla extracted from vanilla beans. Plaintiff sought damages under Sections 349 and 350 of the New York General Business Law ("NYGBL"), the Magnuson-Moss Warranty Act, and various common-law causes of action. *Id.* ¶¶ 103-141. On March 22, 2021, this Court dismissed with prejudice Plaintiff's Magnuson-Moss Warranty Act claims and common-law

claims. *Budhani*, 527 F. Supp. 3d at 689.  On Plaintiff's NYGBL claims, the Court concluded that Plaintiff's complaint plausibly alleged that a reasonable consumer could understand Monster's labeling to convey that the Product contained a non-negligible amount of natural vanilla.  *Id.* at 679.  The Court, however, dismissed the complaint without prejudice as to the Section 349 and Section 350 claims because it did not contain any well-pled allegations that the Product *actually* contained only trace amounts of natural vanilla.  *Id.* at 681-82.  The Court provided leave for Plaintiff to submit an amended complaint that would "support the inference that the Product contains only a trace amount of vanilla bean."  *Id.* at 689.  Plaintiff subsequently filed an amended complaint, Dkt. No. 46 ("Third Amended Complaint" or "TAC"), to which Defendant filed the current motion to dismiss, Dkt. No. 52.  Plaintiff filed a memorandum of law in opposition, Dkt. No. 55, and Defendant filed a reply, Dkt. No. 56.

## LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plaintiffs must allege sufficient facts to "nudge[] their claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at. 570.  Although the Court must accept all the factual allegations of a complaint as true, it is not "bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support their claims."  *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 235-36 (1974)).

## DISCUSSION

In the Third Amended Complaint, Plaintiff brings four causes of action: (1) violation of Sections 349 and 350 of the NYGBL; (2) breach of express warranty of merchantability; (3) breach of implied warranty of merchantability; and (4) unjust enrichment.[1]  TAC ¶¶ 74-89.  The Court considers the NYGBL claim and the common-law claims in turn.

**I.      NYGBL §§ 349 and 350**

Sections 349 and 350 of the NYGBL are a part of New York's consumer protection laws and prohibit "[d]eceptive [business] acts or practices" and "[f]alse advertising." N.Y. Gen. Bus. Law §§ 349(a), 350.  As this Court previously wrote, "to state a claim under either Section 349 or 350, a plaintiff must allege: (1) that the defendant's acts were consumer oriented, (2) that the acts or practices are deceptive or misleading in a material way, and (3) that the plaintiff has been injured as a result." *Budhani*, 527 F. Supp. 3d at 675 (footnote omitted) (citing *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 8 F. Supp. 3d 467, 478 (S.D.N.Y. 2014)).  At issue here is the second prong of this test.[2]  With regards to Plaintiff's claim on the misrepresentation of the vanilla content in the Product, this Court previously concluded that "a reasonable consumer . . . could understand [the Product label] to convey that the Product contains some non-negligible amount of extract derived from a vanilla bean." *Id.* at 679.  But, it continued that this "does not end the analysis" because Plaintiff "must also plead that the understanding the Product

---

[1] In his brief in opposition to the current motion to dismiss, Plaintiff withdrew all of his common-law claims.  Dkt. No. 55 at 1 n.1.  However, "[i]t is long-standing precedent in this circuit that parties cannot amend their pleadings [through] their briefs." *Fadem v. Ford Motor Co.*, 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005); *see also Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir. 1985) ("Filing an amendment to a complaint without seeking leave of court or written consent of the parties is a nullity.").  Therefore, the Court considers the "withdrawn" claims as alive and addresses them below.

[2] As this Court previously noted, Defendant does not challenge the consumer-orientation prong of the test because "[it] does not contest that the representation in question was consumer-oriented." *Budhani*, 527 F. Supp. 3d at 675 n.1.  The Court does not reach the injury prong.

conveys is false or misleading, i.e., that the Product does not contain vanilla bean extract." *Id.* at 681-82.  Plaintiff failed to plead as much previously, and fails to plead as much again now.

When this Court previously dismissed Plaintiff's claims, it found Plaintiff's complaint "deficient" because "it d[id] not support th[e] conclusory assertion [that the Product only contains a trace amount of natural vanilla extracted from vanilla beans] with allegations of fact." *Id.* at 682.  In light of this, the Court explicitly gave leave to submit an amended complaint that "add[s] any additional allegations [Plaintiff] has to support the inference that the Product contains only a trace amount of vanilla bean." *Id.* at 689.  Plaintiff submitted an amended complaint but did not heed the Court's advice that he strengthen his claims with factual allegations.  Rather, Plaintiff's Third Amended Complaint is *weaker* than the Second Amended Complaint that this Court found deficient and dismissed.  In the Second Amended Complaint, Plaintiff's claim relied on the results of a Gas Chromatography-Mass Spectrometry ("GC-MS") test.  Dkt. No. 30 ¶¶ 46-63.  Although the Court did not find that the results from the GC-MS test supported Plaintiff's claim, *see Budhani*, 527 F. Supp. 3d at 682, the inclusion of the GC-MS test in the Second Amended Complaint still represented an attempt by Plaintiff to factually substantiate his claim.  No such attempt occurs in the Third Amended Complaint—there are *zero* factual allegations regarding the amount of natural vanilla in the Product.  Rather, Plaintiff sprinkles the terms "trace" and "negligible" into the Third Amended Complaint as if they are magic words that can cure the previous complaint's deficiencies and are not conclusory assertions.  *See, e.g.*, TAC ¶ 30 ("However, extract from vanilla beans is not present in greater than trace amounts."); ¶ 40 ("However, the Product contains a negligible amount of vanilla."); ¶ 61 ("Plaintiff was deceived by and relied upon the Product's deceptive labeling because the Product had a negligible amount of vanilla."); ¶ 77 ("Defendant misrepresented the substantive,

quality, compositional and/or organoleptic attributes of the Product by giving consumers the impression the Product had a nonnegligible amount of vanilla.").

In his brief in opposition to the motion to dismiss, Dkt. No. 55, Plaintiff attempts to alleviate this deficiency by alleging that the amount of vanilla beans used in the Product "is approximately estimated at between ten and twenty percent." *Id.* at 8. Plaintiff bases this allegation on the "approximate industry standard" for products with "Vanilla With Other Natural Flavors" in their ingredient list. *Id.* However, the Court does not address the substance of this purported evidence because it is not pleaded. A plaintiff cannot amend his or her complaint through their briefing. "[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss." *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989); *see also In re Livent, Inc. Noteholders Secs. Litig.*, 151 F. Supp. 2d 371, 433 (S.D.N.Y. 2001) ("[A] complaint cannot, of course, be amended by the briefs in opposition to a motion to dismiss."). Because this allegation is not pleaded and was only introduced in briefing, the Court ignores it. Yet even if this allegation were properly pleaded, it still would not support Plaintiff's conclusory assertion that the Product contains only trace amounts of natural vanilla. The supposed "approximate industry standard" that Plaintiff bases his allegation on says nothing about the actual content makeup of the Product. Plaintiff admits as much when he states that "the precise quantity of vanilla beans used is unknown . . . ." Dkt. No. 55 at 8. Any inference about the Product drawn from the "approximate industry average" is, again, "purely speculation." *Budhani*, 527 F. Supp. 3d at 682.

For the above reasons, Plaintiff has not pleaded a violation of Sections 349 and 350 of the NYGBL.

## II.   Common-law Claims

In addition to the NYGBL claims, Plaintiff alleges claims under various common-law causes of action.  However, this Court has already dismissed all of Plaintiff's common-law claims with prejudice.  *Budhani*, 527 F. Supp. 3d at 689.  That reason alone is sufficient to again dismiss Plaintiff's prejudicially dismissed claims without having to readdress their merit.  *See Cancall PCS, LLC v. Omnipoint Corp.*, 2001 WL 293981, at *6 (S.D.N.Y. Mar. 26, 2001) (noting that if a claim "was already dismissed with prejudice," then that fact "is, by itself, grounds to dismiss"); *McLaughlin v. Chong*, 2018 WL 3773993, at *3 (S.D.N.Y. Aug. 9, 2018) (same); *see also Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted.").  In any event, Plaintiff abandoned his common-law claims by explicitly claiming to withdraw them and not defending against Defendant's arguments to dismiss them.  *See* Dkt. No. 55 at 1 n.1.  As such, "[t]his abandonment constitutes another independent ground for dismissal." *Westchester Cnty. Indep. Party v. Astorino*, 137 F. Supp. 3d 586, 618 (S.D.N.Y. 2015).

Because this Court earlier dismissed these claims with prejudice, they are unactionable.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED with prejudice.  The Clerk of Court is respectfully directed to close Dkt. No. 52 and to close the case.

SO ORDERED.

Dated: December 3, 2021
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge